IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REUBEN & KATHARINE TOLENTINO;        )    2:07-CV-1243-GEB-DAD
KB PROPERTIES, LLC; JAMES & BRENDA   )
HALL; HARPAUL & AMRITPAL NAGRA;      )
WEST MULLEN IOWA, LLC; M & B REAL    )
PROPERTIES, LLC; RIVER WIND, LLC,    )
                                     )
                Plaintiffs,          )
                                     )
        v.                           )    ORDER[*]
                                     )
JEFFREY A. MOSSMAN; SCOTT G.         )
MUELLER; DENNIS DUDLEY; INVESTORS    )
ADVANTAGE CAPITAL FUND I, LLC;       )
CASH FLOW FINANCIAL GROUP, LLC;      )
GREATER CEDAR VALLEY FINANCIAL       )
GROUP, LLC; GREATER CEDAR VALLEY     )
FINANCIAL GROUP II, LLC; EAGLES      )
NEST REAL ESTATE, LLC; BRO PROPERTY)
AND APPRAISALS, LLC; McRAE           )
APPRAISALS, INC.; VALUATION          )
SERVICES, INC.; MICHAEL FELTNER;     )
and GARY DECLARK,                    )
                                     )
                Defendants.          )
                                     )

        Defendants move to dismiss Plaintiffs' First Amended

Complaint for lack of subject matter jurisdiction, lack of personal

---

[*]    This matter was determined to be suitable for decision without
oral argument.  L.R. 78-230(h).

1

jurisdiction, failure to state a claim upon which relief may be
granted, and improper venue.  In the alternative, Defendants move to
transfer venue to Iowa for the convenience of the parties.
Defendants' previous dismissal and transfer motions were granted in
part and denied in part in an Order filed December 13, 2007 ("December
13 Order").[1]  Subsequently, Plaintiffs filed their First Amended
Complaint on December 21, 2007.

I. Subject Matter Jurisdiction and Personal Jurisdiction

        Defendants seek dismissal of Plaintiffs' First Amended
Complaint, arguing there is no federal subject matter jurisdiction or
personal jurisdiction because Plaintiffs' federal securities law
claims are not viable and there is no diversity of citizenship.  (Bro
Property Mot. at 14-15.)  For the reasons stated in the December 13
Order, Defendants' motions on these grounds are denied.

II. Motion to Transfer Venue

        Defendants move to transfer this action to the District of
Iowa under 28 U.S.C. § 1404(a), arguing Iowa is a more convenient
forum.  (Dudley Mot. at 16-20.)

        Plaintiffs counter "this Court properly ruled that venue was
appropriate in this District, and [Defendants'] arguments, which in
effect seek an improper reconsideration of the Court's previous
ruling, raise no additional unconsidered points."  (Pls.' Opp'n to
Dudley Mot. at 10:18-20.)  Defendants counter the December 13 Order
does not preclude their second motion to transfer venue, since that
Order held only that Defendants had failed to meet their burden of
making "a strong showing of inconvenience," and the motion was denied

        [1]  It is assumed the reader is familiar with the content of the
December 13 Order.

1  "on that basis[] alone . . . ."  (Dudley Mot. at 9:4-9; see December

2  13 Order at 17:12-18:15.)  A "defendant may renew its [motion to

3  transfer venue] . . . if, by proper affidavits, the facts which were

4  lacking upon [its previous motion] can be supplied to sustain its

5  burden" on its second motion.  See Goodman v. S. Ry. Co., 99 F. Supp.

6  852, 855 (S.D.N.Y. 1951).

7      Section 1404(a) provides that "[f]or the convenience of

8  parties and witnesses, in the interest of justice, a district court

9  may transfer any civil action to any other district or division where

10 it might have been brought."  28 U.S.C. § 1404(a).  Generally, a

11 plaintiff's choice of forum "should rarely be disturbed."  Sec. Inv.

12 Prot. Corp. v. Vigman, 764 F.2d 1309, 1317 (9th Cir. 1985).  However,

13 the convenience of the witnesses "is often the most important factor

14 [in the § 1404(a) analysis]."  A.J. Indus., Inc. v. U.S. Dist. Ct.,

15 503 F.2d 384, 389 (9th Cir. 1974).

16     Defendants argue Plaintiffs could have brought this action

17 in the District of Iowa since venue is proper in the district "where a

18 substantial part of the events giving rise to the action occur[red]."

19 (Dudley Mot. at 16:21-22 (citing 28 U.S.C. § 1391(a)(2)).)  Plaintiffs

20 allege that Defendants Mossman and Mueller made misrepresentations and

21 omissions of material fact in Iowa, the properties are located in

22 Iowa, and the alleged fraudulent appraisals took place in Iowa.

23 (First Am. Compl. ("FAC") ¶¶ 32, 41.)  Accordingly, Defendants have

24 shown that this action "might have been brought" in the District of

25 Iowa.

26     Defendants argue the convenience of the parties favors

27 transfer to Iowa.  (Dudley Mot. at 20:9-14.)  Defendants reside in

28 Iowa or are Iowa companies.  (FAC ¶¶ 8-22.)  Although all individual

Plaintiffs (and members of Plaintiff limited liability companies)
reside in the Eastern District of California or elsewhere in
California, Plaintiffs allege that some Plaintiffs visited Iowa to
inspect the properties prior to sale and several Plaintiffs are Iowa
limited liability companies.[2]  (FAC ¶¶ 32.)

Defendants also argue the convenience of the witnesses
favors transfer to Iowa.  (Dudley Mot. at 17:2-20:6.)  Defendants
offer declarations identifying twenty-one witnesses who are Iowa
residents.  (See Decl. of David McRae in Supp. of Valuation/McRae
Appraisals Mot. ("McRae Decl.") ¶¶ 26-27; Decl. of Brett Bro in Supp.
of Bro Property Mot. ("Bro Decl.") ¶¶ 21-22; Decl. of Dennis Dudley in
Supp. of Dudley Mot. ("Dudley Decl.") ¶ 15; Decl. of Keith Jones in
Supp. of Valuation/McRae Appraisals Mot. ("Jones Decl.") ¶¶ 6, 12.)

Seven of these witnesses are expected to testify on the
alleged fraudulent appraisals.  (McRae Decl. ¶¶ 26-27; Bro. Decl. ¶¶
21-22; Jones Decl. ¶¶ 6, 12.)  The proffered witnesses will testify on
the "locations and conditions of the properties at the time [they
were] appraised," "the methods [] used to appraise the properties,"
and for whom the properties were appraised.  (Valuation/McRae
Appraisals Mot. at 11:8-12:3.)  In addition, staff members of the
appraisal companies are expected to testify that there was no
knowledge of "any conspiracy or scheme to defraud."  (Id. at 11:15-
18.)  This testimony is relevant since Plaintiffs allege Defendants
entered into a conspiracy to defraud Plaintiffs by appraising the

_____

[2]  Harpaul Nagra, Amritpal Nagra, James Hall, and Brenda Hall
reside in the Eastern District of California.  (FAC ¶¶ 3-4.)  Reuben
Tolentino, Katherine Tolentino, Dean Baker, and Kara Baker live
elsewhere in California.  (Id. ¶¶ 1-2.)  Only Sarah Crawford, the sole
member of River Wind, resides outside of California, and River Wind is
no longer a party to this action.  (Id. ¶ 7; see infra.)

4

properties at issue in ways that overstated the fair market value of the properties.  (See FAC ¶¶ 41,53-57.)

Further, Defendant Dudley declares that five current and former employees of Mossman and Mueller are expected to testify that Dudley did not work for either Mossman or Mueller, and that Dudley "only sold properties" to Mossman and Mueller.  (Dudley Decl. ¶ 15.) These employees reside in Iowa.  (Id.)  Dudley also identifies two escrow closing agents who work and reside in Iowa.  (Id.)  These agents are expected to testify that they initially told Dudley of Mossman and Mueller's intent to resell properties.  (Id.)  The testimony of the former employees and the escrow closing agents is relevant on the issue of whether Dudley was in a conspiracy with Mossman and Mueller to defraud Plaintiffs by entering into a series of "undisclosed related-party transactions . . . with the intent to artificially and intentionally inflate the sales prices of the properties in each of the investment packages" before selling the investment packages to Plaintiffs.  (See FAC ¶ 39, 55.)

Dudley also identifies three property managers who are expected to testify on "the condition of the properties sold by Dudley," two Realtors who have knowledge of Dudley's sales as a real estate agent, and two buyers who are expected to testify that they bought properties originally owned by Dudley that were "adequately rehabilitated and in good working condition."  (Dudley Mot. at 18:19-18:18.)  This testimony is relevant since Plaintiffs allege Mossman and Mueller misrepresented that the properties were "safe, livable and met current building codes," when in fact "the properties were in need of substantial repairs" and some of the properties were "uninhabitable and/or beyond repair."  (See FAC ¶¶ 31, 36.)

Defendants further argue that transfer of venue is warranted since the properties that Plaintiffs purchased are located in Iowa. (Valuation/McRae Mot. at 12:18-21.)  Defendants contend that "witnesses and the parties will undoubtedly need to examine the properties to determine what repairs were made, what repairs were necessary, what the conditions were prior to the property that Plaintiffs' claim should have been disclosed, and how the undisclosed conditions caused the fair market value of the property to be overstated."  (Valuation/McRae Mot. at 12:21-25.)  Since Plaintiffs allege that "the properties were in need of substantial repairs" and that some of the properties were "uninhabitable and/or beyond repair," Defendants have shown that the location of the properties favors transfer to Iowa.  (See FAC ¶ 36.)

Defendants have shown that convenience considerations favor transfer of venue to the District of Iowa.  Although Plaintiffs' choice of forum is entitled to substantial deference, Defendants have met their burden of making "a strong showing of inconvenience to warrant upsetting [Plaintiffs'] choice of forum."  Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). Therefore, Defendants' motion to transfer venue to the District of Iowa is granted.

III.  River Wind's Claims

Defendants argue River Wind's claims in Plaintiffs' First Amended Complaint should be stricken since River Wind's claims were dismissed for improper venue in the December 13 Order.  (Dudley Mot. at 4:25-5:13.)  Plaintiffs respond that they "do not dispute that River Wind LLC is no longer a party to this action and consent to have any reference thereto stricken."  (Pls.' Opp'n to Dudley Mot. at

10:21-23.)  Accordingly, River Wind's claims are stricken from this action.

<u>CONCLUSION</u>

This action is transferred to the United States District Court for the District of Iowa under 28 U.S.C. §§ 1404(a) and 1406(a).

IT IS SO ORDERED.

Dated:  April 18, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge